**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000221
18-APR-2024
08:21 AM
Dkt. 55 SO**

NO. CAAP-19-0000221

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ISETTE PIKAKE KAEHUAEA SMYTHE and JAMIE KALEINANI SMYTHE
ESPRECION, Plaintiffs-Appellees,
v.
EMMA NAOMI MEYERS aka NAOMI EMMA HOLT; BUSHROD G. MEYERS,
Defendants-Appellants;
and
JOHN DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161002245)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

**Emma** Naomi Meyers and **Bushrod** G. Meyers (the **Meyerses**) appeal from the **"Order** Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment and for a Writ of Ejectment" and the **"Writ** of Ejectment" entered by the Circuit Court of the First Circuit on March 1, 2019.[1]  We affirm.

This case is about land (the **Property**) owned by the Department of Hawaiian Home Lands (**DHHL**).  **Mervin** Smythe leased the Property from DHHL.  The Meyerses lived there.  After Mervin died there was a dispute between the Meyerses and Mervin's nieces, Isette Pikake Kaehuae Smythe and Jamie Kaleinani Smythe

---

[1]  The Honorable Dean E. Ochiai presided.

Esprecion (the **Nieces**) over who would succeed to Mervin's lease. After a contested case hearing the Hawaiian Homes **Commission** ordered Mervin's lease transferred to Nieces, retroactive to June 26, 2012. Emma appealed. The circuit court affirmed. Emma filed a secondary appeal. We affirmed. Meyers v. Hawaiian Homes Comm'n, No. CAAP-18-0000801, 2023 WL 4636728 (Haw. App. July 20, 2023) (mem.) (**Meyers I**).

Nieces filed the complaint below against the Meyerses on December 9, 2016. The complaint alleged that Nieces were DHHL lessees; they acquired their interests from Mervin by order of the Commission; and the Meyerses lived on their property and refused to vacate. Nieces sought, among other things, a writ of ejectment. Nieces moved for partial summary judgment and a writ of ejectment. The Order and Writ were entered on March 1, 2019. This appeal followed.

The Meyerses argue that the Commission erred by ordering that Nieces succeed to Mervin's lease. Emma, who was a party in Meyers I, and Bushrod, who is in privity with Emma, are precluded from challenging the Commission's Order. Bremer v. Weeks, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004). Even if claim or issue preclusion did not apply, the circuit court applied the correct law to the uncontroverted facts. The "Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment and for a Writ of Ejectment" and the "Writ of Ejectment," both entered on March 1, 2019, are affirmed.

DATED: Honolulu, Hawaiʻi, April 18, 2024.

On the briefs:

E. Mason Martin III,
for Defendants-Appellants.

Ryan G.S. Au,
for Plaintiffs-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge